**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANDREW PAUL NEWMAN,

Defendant - Appellant.

No. 14-30095

D.C. No. 4:13-cr-00020-RRB-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted August 13, 2015
Anchorage, Alaska

Before:  SCHROEDER, RAWLINSON, and MURGUIA, Circuit Judges.

Appellant Andrew Paul Newman (Newman) challenges his sentence based

on his guilty plea to conspiracy to possess with intent to distribute a controlled

substance and possession with intent to distribute a controlled substance.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.     The district court did not clearly err in determining that Newman participated in the narcotics conspiracy.  Emails from a co-conspirator evinced that the co-conspirator needed the approval of his "boss" to complete the drug transactions.  Consistent with his co-conspirator's description of the conspiracy, Newman tracked the methamphetamine delivery, drove his co-conspirator to retrieve the package, and opened the package containing the agreed upon controlled substance shipment.  *See United States v. Reed*, 575 F.3d 900, 924 (9th Cir. 2009) (articulating that the existence of a conspiracy may be demonstrated by a defendant's conduct and that "[c]oordination between conspirators is strong circumstantial proof of agreement") (citation and alteration omitted).  In addition, expert testimony concerning the *modus operandi* of narcotics trafficking organizations was consistent with Newman's conduct.   Newman's statements while incarcerated praising the co-conspirator's loyalty further supported the district court's findings that Newman participated in the conspiracy to distribute a controlled substance.  *See id.*

2.     The district court did not plainly err in calculating the drug quantity based on the amount of methamphetamine involved in the conspiracy.  *See United States v. Gadson*, 763 F.3d 1189, 1220 (9th Cir. 2014) ("In making an estimate, the

court may consider, among other factors, the price generally obtained for the controlled substance, financial or other records, and similar transactions in controlled substances by the defendant. . . .") (citation, alteration, and internal quotation marks omitted).

3.     The district court did not clearly err in applying a role enhancement pursuant to U.S.S.G. § 3B1.1(c). Newman tracked the package containing the methamphetamine, drove his co-conspirator to the residence to retrieve the package, and opened the package after it was retrieved. This evidence supported a finding that Newman had "the necessary influence and ability to coordinate the behavior of others so as to achieve the desired criminal result." *United States v. Doe*, 778 F.3d 814, 826 (9th Cir. 2015) (citations omitted).

4.     The district court did not clearly err in rejecting Newman's request for an additional one-point reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1 cmt. n.6 (2013)[1] (explaining that the third point for acceptance of

---

[1] The Presentence Report utilized the 2013 guidelines in calculating Newman's sentence.

responsibility may be granted only upon the filing of a formal motion by the government).

    **AFFIRMED.**